SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, Judge) be, and it hereby is, AFFIRMED.
Defendant-appellant Rafael Tejada-Hiliano, who was convicted after a guilty plea of illegal reentry into the United States in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), appeals his 41-month term of imprisonment as unreasonable. We assume the parties’ familiarity with the facts, the proceedings below, and the scope of the issues presented on appeal.
Under United States v. Booker, we review sentences for reasonableness. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This standard of review is deferential since “ ‘reasonableness’ is inherently a concept of flexible meaning, generally lacking precise boundaries.” United States v. Crosby, 397 F.3d 103, 115 (2d Cir.2005). This Court has observed that while the “brevity or length of a sentence can exceed the bounds of ‘reasonableness,’ we anticipate encountering such circumstances infrequently.” United States v. Fleming, 397 F.3d 95, 100 (2d Cir.2005).
More often, a reasonableness challenge requires this Court to review “the sentencing court’s compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a).” United States v. Canova, 412 F.3d 331, 350 (2d Cir.2005). *390 As the Supreme Court explained in Booker, section 3553(a) factors “will guide appellate courts ... in deciding whether a sentence is unreasonable.” 543 U.S. at 261, 125 S.Ct. 738. This Court may find a sentence unreasonable if a judge committed a procedural error by failing to “consider” the applicable Guidelines range or the other factors outlined in § 3553(a). Crosby, 397 F.3d at 114-15.
It is clear that the district court considered all of the requisite § 3553(a) factors in sentencing Tejada-Hiliano. The court carefully articulated its consideration of these factors in arriving at a sentence at the bottom of the applicable 41- to 51-month Guidelines range. This Court has explained that with regard to a determination of whether a district court has “considered” the § 3553(a) factors, there is not a “rigorous requirement of specific articulation by the sentencing judge.” Crosby, 397 F.3d at 113. Given the district court’s consideration of the § 3553(a) factors, we find that the sentence was reasonable. We need not find that all sentences within the Guidelines range are per se reasonable, as the government urges, to make this determination. See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).
To support his reasonableness challenge, Tejada-Hiliano argues that the district court did not give direction to the requirement that the sentence be sufficient but not “greater than necessary” to fulfill the sentencing purposes set out in the statute as required under § 3553(a). However, an inquiry into whether this sentence is “greater than necessary” to comply with statutory purposes, above and separate from an evaluation of whether the sentencing judge sufficiently considered the § 3553(a) factors, would cause us to exceed the boundaries of restraint which we have observed should govern our review in the context of sentencing. See Fleming, 397 F.3d at 100.
We have considered all other arguments and find them to be without merit.
The judgment of the district court is hereby affirmed.